UNITED STATES of America,
Plaintiff–Appellee,

v.

Fabian ALVAREZ, Defendant–
Appellant.

No. 12–4019.

United States Court of Appeals,
Fourth Circuit.

Submitted: Aug. 22, 2012.

Decided: Aug. 24, 2012.

Harold M. Vaught, Norwalk, California, for Appellant. Alan Lance Crick, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

Before WILKINSON, GREGORY, and DIAZ, Circuit Judges.

Affirmed by unpublished PER CURIAM opinion.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Fabian Alvarez pled guilty to conspiracy to distribute 500 grams or more of cocaine, 500 grams or more of methamphetamine, and marijuana, 21 U.S.C. § 846 (2006), and was sentenced to 135 months' imprisonment, the top of his advisory Sentencing Guidelines range. On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), asserting that there are no meritorious grounds for appeal but questioning whether the district court erred by denying Alvarez's objections to the drug quantity attributed to him for sentencing purposes. Although advised of his right to file a pro se supplemental brief, Alvarez has not done so. For the reasons that follow, we affirm.

We review Alvarez's sentence for reasonableness, applying an abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007). This review requires consideration of both the procedural and substantive reasonableness of the sentence. *Id.* We assess whether the district court properly calculated the advisory Guidelines range, considered the factors set forth in 18 U.S.C. § 3553(a) (2006), analyzed any arguments presented by the parties, and sufficiently explained the selected sentence. *Gall*, 552 U.S. at 49–50, 128 S.Ct. 586; *see United States v. Lynn*, 592 F.3d 572, 575–76 (4th Cir.2010). If there is no procedural error, we review the substantive reasonableness of the sentence, "examin[ing] the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." *United States v. Mendoza-Mendoza*, 597 F.3d 212, 216 (4th Cir.2010). If the sentence is within the Guidelines range, we apply a presumption of reasonableness. *Rita v. United States*, 551 U.S. 338, 346–56, 127 S.Ct. 2456, 168 L.Ed.2d 203 (2007) (upholding presumption of reasonableness for within-Guidelines sentence).

We have thoroughly reviewed the record and conclude that the sentence is both procedurally and substantively reasonable. We find no clear error in the district court's calculation of the quantity of drugs attributable to Alvarez for sentencing purposes. *See United States v. Randall*, 171 F.3d 195, 210 (4th Cir.1999). Moreover, Alvarez has failed to overcome the presumption of reasonableness we accord his within-Guidelines sentence.

In accordance with *Anders*, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Alvarez's conviction and sentence. This court requires that counsel inform Alvarez, in writing, of the right to petition the Supreme Court of the United States for further review. If Alvarez requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Alvarez. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED.*